HUGH N. FLEMING

*v.*

JAMES M. MILLS *et al.*

*Opinion filed October 19, 1899—Rehearing denied December 7, 1899.*

1. WITNESSES—*when complainants in partition are not disqualified under section 2 of Evidence act.* The son of a grantee does not defend as heir in a suit to set aside the deed and for partition, so as to preclude the complainants from testifying against him under section 2 of the Evidence act, where the validity of the deed as well as the complainants' title rests upon a will under which they all claim.

2. WILLS—*sale to pay child's debt is not within power to sell for support and maintenance.* A widow given by will a life estate in real property, and empowered to sell it for the support and maintenance of herself or family, is without authority to convey the property to pay a debt of one of her children.

3. LANDLORD AND TENANT—*one acquiring possession by collusion with tenants cannot impeach landlord's title.* One who obtains possession of property by collusion with tenants stands in no better position than they, and must deliver up the possession to the landlord before he can maintain a bill to impeach title.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY B. WILLIS, Judge, presiding.

This was a bill for partition, brought by James M. Mills, against Frederick N. Mills, Jennie M. Mills, Katherine L. Mills, Charles Whitcomb and Hugh N. Fleming, for partition of certain premises in Chicago, and to set aside a certain warranty deed executed by Eliza A. Mills to Maria L. Fleming on June 24, 1892.

There is no substantial dispute between the parties in regard to the facts. Royal A. B. Mills was at the time of his death the owner of the property described in the bill of complaint. He departed this life on the twenty-fifth day of January, 1882, leaving him surviving as his only heirs-at-law and next of kin, his widow, Eliza A. Mills, and his four children, James M. Mills, the complainant, Frederick N. Mills, (who has since deceased,) Jennie M. Mills and Katherine L. Mills, the appellees, and also

leaving a last will and testament, the material portion of which, so far as this case is involved, is as follows:

"I give, devise and bequeath to my beloved wife, Eliza A. Mills, all the property, estate and effects of every kind whereof I may die seized or possessed, to her sole and separate use during her life; and I also give my wife full right and power, and at her own discretion, to sell and dispose of all or any part of my said estate, whether real or personal, for the support and maintenance of herself or family. In the event of her death I direct that all my estate that may be left in her hands shall descend to my children and their descendants, if any, such descendants taking the share of the deceased child."

The will bore date April 17, 1875 and was probated in Cook county on July 5, 1882.

On June 3, 1887, the widow, Eliza A. Mills, procured from Margaret F. Layton a loan of $2000, and to secure the payment of the amount she gave a promissory note for the sum, payable in three years from date, with interest, and she, together with appellees, executed and delivered to David O. Strong, as trustee, a trust deed conveying lot 7 of the property in question, which was duly filed for record. Subsequently Frederick N. Mills (now deceased) received from Hugh B. Fleming, the father of appellant, certain securities and real estate amounting to upwards of $15,000, a portion of which securities was lost by Frederick N. Mills in speculation, and he was unable to repay to Hugh B. Fleming the balance of $15,000. These securities were delivered to Frederick N. Mills, and the real estate was conveyed to him by Hugh B. Fleming in view of anticipated financial difficulties and for the purpose of placing it beyond the reach of his creditors. Subsequently, on or about the fifteenth day of August, 1887, Hugh B. Fleming, who was a resident of Erie, Pa., came to Chicago and had an accounting with Frederick N. Mills, and it was agreed that the amount due to Fleming on account of securities which Mills was unable to return,

182—30

was $15,275, and Fleming demanded payment or security from Frederick N. Mills. The subject was brought to the attention of Eliza A. Mills, the mother of Frederick N. Mills, and she gave her three notes, of $5000 each, payable to the order of Maria L. Fleming, wife of Hugh B. Fleming, and a mortgage to Maria L. Fleming to secure the notes, upon lots 7 and 8 of the premises in question, both notes and mortgage bearing date the fifteenth day of August, 1887. Subsequently, on June 24, 1892, in consideration of $18,000, which was intended to cover the three notes of $5000 each secured by the mortgage above mentioned, and the note in favor of Margaret F. Layton for $2000 secured by the trust deed above mentioned, and for accrued interest upon the $15,000, Eliza A. Mills, the widow, executed a warranty deed to Maria L. Fleming conveying the property in question. The deed was the statutory form of warranty deed, and made no reference to the power in the will of Royal A. B. Mills.

Eliza A. Mills remained in possession of the premises in question until her death, on October 11, 1892. She never re-married, and left surviving as her only heirs-at-law and next of kin, her said children, James M. Mills, Frederick N. Mills, Jennie M. Mills and Katherine L. Mills. After the death of Mrs. Mills, Frederick N. Mills, Jennie M. Mills and Katherine L. Mills, who were living with her at that time, remained in possession of the premises in question until on or about the first day of May, 1894, when they took a lease in writing from the appellant, Hugh N. Fleming, for the premises in question for a period of one year, for a certain rental reserved in the lease. Hugh N. Fleming had inherited whatever title he had from his mother, Maria L. Fleming, who had died some time prior to May, 1894. At the expiration of said lease, on or about April 30, 1895, James M. Mills entered into possession of the property in question, except the barn thereon, and filed the bill of complaint in this case for partition, making his brothers and sisters, Hugh N.

Fleming, the appellant, and Charles Whitcomb, appellee, who was in possession of the barn, defendants. The bill claims, and appellees contend, that the execution of the mortgage of $15,000 to Maria L. Fleming, and the subsequent deed of Eliza A. Mills to Maria L. Fleming, were without effect in law and void as against the heirs of Royal A. B. Mills, because they were not given for the support and maintenance of Mrs. Mills and her family, and were not authorized by the power in the will; and the appellees, Jennie M. Mills and Katherine L. Mills, further contend that the taking of a lease from Hugh N. Fleming, under the circumstances, does not estop them from denying that Hugh N. Fleming had title to the property. On April 28, 1898, during the pendency of this suit, Frederick N. Mills died, having never married, and leaving him surviving the appellees, James M., Jennie M. and Katherine L. Mills, his only heirs-at-law.

The circuit court decreed that the mortgage bearing date the fifteenth day of August, 1887, given by Eliza A. Mills to Maria L. Fleming, and the warranty deed between the same parties dated the twenty-fourth day of June, 1892, were not given for the support and maintenance of Eliza A. Mills or her family, and were not executed in pursuance of or under the power contained in the will of Royal A. B. Mills, and were null and void as against appellees, heirs of Royal A. B. Mills, and did not operate to convey the fee of the property; that the appellant, Hugh N. Fleming, be subrogated to the rights of Margaret F. Layton or her assigns under the trust deed from Eliza A. Mills and others to David O. Strong, trustee, given to secure the indebtedness of $2000, and that the appellees account to the appellant, Fleming, for said $2000 and interest thereon from July 3, 1892, together with all taxes and assessments paid upon the property by Maria L. Fleming or Hugh N. Fleming, and that appellant, Hugh N. Fleming, should account to appellees, James M., Katherine L. and Jennie M. Mills, for all rents

received from the property from said Frederick N., Katherine L. and Jennie M. Mills or Charles Whitcomb, or any other person since the death of Eliza A. Mills; and that the balance found to be due to Fleming, with lawful interest thereon, should remain a lien upon the property in question until the same is paid; that the matter of accounting be referred to a master in chancery to take and state the account; that upon the death of Frederick N. Mills, appellees, James M., Jennie M. and Katherine L. Mills, were his only heirs-at-law, and each inherited one-third of all the right, title and interest of said Frederick N. Mills in the property, and that said appellees are each entitled to an undivided one-third of the premises in question in fee simple, subject to the lien for the amount due Hugh N. Fleming to be found upon the accounting, and decrees a division or partition of the premises, and that upon the filing and approval of the master's statement of account between the parties, commissioners shall be appointed by the court to make partition of the premises, in the usual form of partition decree.

WICKERSHAM & HAYNER, for appellant.

SMITH, HELMER, MOULTON & PRICE, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

As has been seen, the property in question was willed to Eliza A. Mills for life, with power to sell for the support and maintenance of herself or family. On the hearing appellees introduced James M. Mills, Frederick N. Mills and Katherine L. Mills as witnesses, for the purpose of proving that the conveyance of the premises by Eliza A. Mills to Maria L. Fleming was not made for the support and maintenance of herself or family, and it was proven by the witnesses, or some of them, that the conveyance was not made for the support and maintenance of Mrs. Mills or her family, but, on the other hand, it

was made to pay a debt due from Frederick N. Mills to Hugh B. Fleming. The appellant objected to the testimony of these witnesses, and claims that under section 2 of chapter 51 of our statutes they had no right to testify in the case. That section is as follows: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as * * * executor, administrator, heir, legatee or devisee of any deceased person, * * * unless when called as a witness by such adverse party so suing or defending." Appellant claims that he was sued and defends as heir-at-law of Maria L. Fleming, and under the statute the heirs of Royal A. B. Mills were precluded from testifying against him.

When the situation of the parties in relation to the title to the property in question is fully understood it will be seen that the position of appellant cannot be maintained. Royal A. B. Mills owned the property when he died. He disposed of the property by will. The title of appellant to the property, whatever it may be, is derived from and rests upon the will. So, also, the complainant and the other heirs-at-law of Royal A. B. Mills claim and derive their title from the will. It is true that appellant claims as an heir of his mother, Mrs. Fleming; but the only title of Mrs. Fleming arose from a deed made to her by Eliza A. Mills, and Mrs. Mills' power or authority to convey rests upon the provisions of the will of Royal A. B. Mills, and hence it is that appellant, the appellees and the other heirs-at-law of Mills all claim under the will of Mills. Appellant is therefore not defending as an heir, within the meaning of the statute, and hence his objection to the evidence was properly overruled.

The question here involved is controlled by *Pigg* v. *Carroll*, 89 Ill. 205, and *Mueller* v. *Rebhan*, 94 id. 142. In the discussion of a similar question in the latter case it

is said (p. 149): "In *Pigg* v. *Carroll*, 89 Ill. 205, it was held that in a proceeding for partition of land between heirs and for the adjustment of matters of advancements made to some, the husband of one of the parties was a competent witness in behalf of his wife. Although the parties claimed their respective rights and sued and were sued in respect to rights held by inheritance, yet the statute could have no application to such case. The statute in this regard was intended to protect the estates of deceased persons from the assaults of strangers, and relates to proceedings wherein the decision sought by the party so testifying would tend to reduce or impair the estate, and does not relate to the relative rights of heirs or devisees as to the distribution of an estate in proceedings by which the estate itself is in no event to be reduced or impaired."

There is no effort, here, to reduce or impair the estate of Mrs. Fleming, which the appellant claims to represent. That estate is not involved in this proceeding. The estate here involved is that of Royal A. B. Mills, and that alone, and the question involved is whether the property in question passed by the deed of Mrs. Mills to Mrs. Fleming, or whether, upon the death of Mrs. Mills, the property passed to the heirs of Mills, as provided in his will. If the property involved was not conveyed by Mrs. Mills for the support or maintenance of herself or family, that fact appellees had a right to prove by complainant in the bill and the other heirs-at-law of Royal A. B. Mills.

In regard to the validity of the conveyance from Eliza A. Mills to Maria L. Fleming but little need be said. By the terms of the will of Royal A. B. Mills a life estate was conferred upon Eliza A. Mills, with power of sale for the support and maintenance of herself or family. She was clothed with the power of sale for the purpose named, but for no other purpose whatever. The testator, who conferred the power, had the right to impose such lawful checks or conditions upon the exercise of the

power as he might deem proper, and no sale could be made without a strict compliance with the terms upon which a sale was authorized. Here appellant introduced no evidence to show that the deed was made for the purpose of raising money for the support of Mrs. Mills or her family, but, on the other hand, appellees established by the evidence that the sale was made for the purpose of paying a debt due from Frederick N. Mills to Hugh B. Fleming. As Mrs. Mills had no authority to convey for the purpose for which the deed was made, the deed may be regarded as a fraud on the devisees of the remainder in fee, as held in *Griffin* v. *Griffin*, 141 Ill. 373. If it had become necessary to use the property in question for the support and maintenance of the widow or her family, and she had sold and conveyed the property to raise money for that purpose, the sale might be sustained; but she had no authority to convey the property to pay a debt which one of her children had incurred in speculation, and the sale for that purpose cannot be sustained.

But while the conveyance from Mrs. Mills to Maria L. Fleming must ultimately be set aside, there is one insurmountable difficulty in the way of sustaining the present bill and granting the relief given by the decree. It appears that on the first day of May, 1894, Frederick N. Mills, Jennie M. Mills and Katherine L. Mills leased the premises in controversy of Hugh N. Fleming for the term of one year, for a certain rent specified in the lease. They occupied the premises under the lease and paid the rent. A day or two before the lease expired the lessees permitted the complainant in the bill to enter into the possession of the property. Having obtained possession from appellant's tenants, he filed this bill for partition and to set aside the deed under which appellant claims. Having obtained possession by collusion with appellant's tenants, can he, without first surrendering that possession to appellant, maintain a bill to impeach appellant's title? It is a well settled rule of law that a tenant cannot

dispute the title of his landlord. He must restore the possession to the landlord before he can assail his title. If he disclaims the title of his landlord and claims the premises adversely for himself or another, his posses-sion from that moment becomes tortious. This principle is strictly applicable to all who succeed to the posses-sion from or through the tenant. They occupy the same position and are held to the same responsibility. (*Fus-selman* v. *Worthington*, 14 Ill. 135.) In *Carter* v. *Marshall*, 72 Ill. 609, it was held that where a party in possession of premises accepts a lease and occupies under it he is es-topped to deny his landlord's title until the parties are placed in original positions; and it makes no difference that the tenant may have been in possession as the ten-ant of a former landlord,—he is precluded from denying the title of either. It was also said: "No dispute as to the title will be tolerated until the parties are placed in their original position." In the same case the rule is also laid down that there may be one exception to the general rule that a tenant cannot dispute the title of his landlord, and that is where the tenant has been induced by fraud, artifice or mistake to accept a lease. Here nothing of the kind is pretended, but so far as appears the lease was entered into by the parties without fraud or mistake, and the lessees were bound to surrender the possession of the property to the lessor before they could assail his title, and the complainant in the bill, having obtained the possession from the lessees, stands in no better position. After he and they have delivered up the possession of the property to the appellant, then, and not before, they will be at liberty to assail his title. *Doty* v. *Burdick*, 83 Ill. 473.

For the error indicated the decree of the circuit court will be reversed and the cause will be remanded.

*Reversed and remanded.*