[S. F. No. 4258. In Bank.—August 23, 1905.]

ROBERT W. ROBERTS et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

MUNICIPAL OFFICERS—MISCONDUCT—ACCUSATION BY GRAND JURY—SAN FRANCISCO CHARTER—JURISDICTION—CASE APPLIED.—The superior court of the city and county of San Francisco has jurisdiction to try an accusation by the grand jury for the removal of municipal officers for willful and corrupt misconduct, notwithstanding jurisdiction vested by the freeholders' charter thereof in the mayor for removal of municipal officers for such misconduct. (*Coffey* v. *Superior Court of Sacramento County, ante,* p. 525, affirmed and applied.)

PETITION for Writ of Prohibition to the Superior Court of the City and County of San Francisco. W. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Thomas V. Cator, and Hiram W. Johnson, for Petitioners.

Lewis F. Byington, District Attorney, Wright & Wright, and John A. Hosmer, for Respondents.

McFARLAND, J.—This is an original petition in this court for a writ of prohibition; an alternative writ was issued, and upon the return thereof the petition was heard and submitted.

The petitioners are election commissioners of the city and county of San Francisco, and there is pending in the court of

respondents an accusation by the grand jury charging them with willful, unlawful, and corrupt misconduct as such commissioners, and asking for their removal from their said offices. It is averred that respondents are about to hear, try, and determine said accusation, and the purpose of this proceeding is to prohibit them from so doing and from taking any further action therein.

The whole point of the petition is, that the respondents have no jurisdiction to consider said applications because the exclusive power of removing petitioners from their offices is vested by the charter of the city and county of San Francisco in the mayor of said city and county. But this point was directly determined against the contention of petitioners by the recent case of *Coffey* v. *Superior Court of Sacramento County*, [82 Pac. 75], in which the opinion was filed August 10, 1905, (*ante*, p. 525). The grounds presented in the case at bar for the writ of prohibition are, to say the least, no stronger than those presented by the petitioner in the Coffey case. It would be useless to repeat here the views expressed in the opinion delivered in that case; and for the reasons therein stated the prayer of the petitioners in the case at bar for a final writ is denied and the proceeding is dismissed.

Van Dyke, J., Beatty, C. J., Lorigan, J., and Henshaw, J., concurred.