FRED BARTLETT, ADMINISTRATOR, vs. WILBUR F. BUCK-
LAND.

First Judicial District, Hartford, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A testator gave his wife all of his personal property in fee, and the
"use and improvement" of all his real estate during her life, and
if that "should not be sufficient for her support and maintenance,
she may dispose of by sale so much of said real estate as will be
sufficient for her support." In a subsequent clause he declared:
"I give and bequeath (after the decease of my wife), the real es-
tate to be divided between my children and their heirs in equal
shares." In an action in the nature of ejectment, brought by the
administrator *de bonis non cum testamento annexo,* against the
grantee of the widow, it was *held :*—
1. That the widow took a life estate in the land with a right of sale
limited to her necessities.
2. That proof by the defendant upon the trial, of the existence of the
prescribed necessity at the time the land was sold, established the
widow's right to exercise her power of sale, and that no adjudica-
tion by any court of the existence of such necessity was essential
prior to the sale.
The plaintiff claimed that as executor he was entitled under General
Statutes, § 362, to the possession and control of this land during
the settlement of the estate. *Held* that there was no basis for such
a claim, inasmuch as the lawful sale of all the land by the widow,
after the payment of debts and the acceptance of the executor's
account, left no estate of the testator to be settled.

Argued January 2d—decided March 7th, 1906.

ACTION in the nature of ejectment, by an administrator
*de bonis non c. t. a.,* brought to and tried by the Superior
Court in Hartford County, *Roraback, J.* ; facts found and
judgment rendered for the defendant, and appeal by the
plaintiff. *No error.*

*Benedict M. Holden,* for the appellant (plaintiff).

*Henry A. Huntington* and *Arthur L. Shipman*, for the appellee (defendant).

HALL, J.   The complaint alleges that the plaintiff on the 1st of August, 1904, owned and possessed certain described tracts of land; that the defendant on said day wrongfully dispossessed him, and still keeps him out of possession, depriving him of the rents and profits ; and asks for a judgment for possession and damages.

The material facts found are these : Lorenzo M. Buckland, who formerly owned the land in question, died in July, 1875, leaving a widow, Julia Buckland, and six children, one of whom is the defendant.   By his will, made in 1872, he gave to his widow, after payment of his debts, all his personal property absolutely, and the "use and improvement" of all his real estate during her life, with this further provision: "and if the use and improvement of said real estate should not be sufficient for her support and maintenance, she may dispose of by sale, so much of said real estate as would be sufficient for her support."   Upon the death of the widow the real estate was to be divided between the children of the testator and their heirs in equal shares.

Latham L. Buckland, one of the testator's sons, was appointed executor by the will, and in September, 1875, an inventory was returned by him in which the real estate was appraised at $7,700, and the personal property at $1,576.75 ; and in March, 1876, after the expiration of the six months allowed for the presentation of claims, he filed his account showing that he had received from the estate cash to the amount of $350, and had paid claims to the amount of $337.84. The real estate, inventoried at $7,700, was, at and prior to the time of the sales hereinafter described, of no greater value than $2,900, exclusive of the improvements made by the defendant.   After said account was filed the widow took possession of the remainder of the personal property and of the real estate, and made a home for herself and her three daughters and their children upon said premises.   There

were no further proceedings in the Court of Probate until after the death of the widow, in 1904, aged 94 years, when the plaintiff, upon the application of the testator's daughters, was appointed administrator *de bonis non c. t. a.*, the executor, Latham L. Buckland, having died in 1885.

After her daughters had left the premises, in 1888, the income from the real estate being insufficient to support the widow, her son, the defendant, from time to time until her death in 1904, contributed more than $1,000 for her support. Early in 1895, when her own property and estate was of little value, and the income, use and improvement of said real estate was insufficient for her support and maintenance, she commenced the sale of the real estate under the authority of the will, and from time to time, after her children—except the defendant—had failed to provide for her support, was compelled by her necessities to sell parcels of said land until all of said real estate was sold, the last sale being made in 1901. The sum required to be expended for the care and support of said widow largely exceeded the income derived from said real estate together with the amount received from said sales.

Each of the seven deeds of said land, six of which were given to the defendant, recited the provision of the will authorizing the sale of the real estate for the necessary support of the widow, and of the fact that such sale was necessary for her support, and also contained an affidavit of said Julia Buckland of the truth of the statement in the deed regarding her pecuniary needs.

By the language of the will the widow took a life estate in the land, with a limited power to sell in case the "use and improvement" became insufficient for her support. *Hull* v. *Holloway*, 58 Conn. 210, 216. The power to make the sale is by the language of the will based upon and restricted by a necessity, and proof at the trial of the actual existence of the necessity, at the time of each sale, established the right of the widow to exercise such power without an order of any court. *Peckham* v. *Lego*, 57 Conn. 553, 556. To require the delay of procuring an order of court, before

such a sale could be made, might wholly defeat the purpose of such a provision of a will. The facts found clearly show the actual existence of the necessity provided for in the will, at the time each of the sales was made.

As the sales were lawfully made, it follows that the plaintiff's claim to the possession and control of the land during the settlement of the estate, under § 362 of the General Statutes, is wholly without support. There is no estate of the testator to be settled. From the fact that the conveyances of the land by the widow were lawful, it results that it was fully settled in 1876 when the executor filed his account and the debts were paid and all the property delivered to the widow. The widow took her life estate in the land by devise, and no distribution was required to render her title valid. No distribution of the remainder, under § 310 of the General Statutes, nor ascertainment of the heirs and distributees, under § 394, could have been made until the death of the widow, and there was then none of the real es-. tate in question to be distributed.

There is no error.

In this opinion the other judges concurred.