## HEADLEY ET AL. v. THE INDIANAPOLIS SOUTHERN RAILROAD COMPANY.

[No. 8,570. Filed April 21, 1915.]

1. LIFE ESTATES.—*Conveyance by Life Tenants.*—One who holds the life estate in real estate, and also has the power to convey the fee simple title, may convey such title by warranty deed without special mention of such power in the deed, and without an order of court authorizing the sale; but where the power to sell is contingent upon some event or condition precedent, the power can only be exercised at the time and in the manner stipulated. p. 594.

2. LIFE ESTATES.—*Conveyance by Life Tenants.*—Where the condition upon which a power of sale is to be exercised by a life tenant is such that its determination depends upon the exercise of judgment and discretion, the decision of the life tenant, made in good faith is conclusive of the right to exercise the power, and a sale under such conditions made without fraud and for a valuable consideration can not be invalidated on the ground of an erroneous or unauthorized exercise of the power; hence, a sale by a life tenant of a right of way to a railroad company, pursuant to a power to sell if necessary to the best interest of the life tenant and the remaindermen, was valid though made without the consent of the remaindermen and without an order of court. p. 595.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by Hamlin S. Headley and others against The Indianapolis Southern Railway Company. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*W. E. Hottel* and *Miers & Corr,* for appellants.

*Ira C. Batman, Robert G. Miller, James W. Blair* and *James E. Kepperly,* for appellee.

FELT, J.—Appellants brought this action to recover damages ,for an alleged trespass upon certain real estate in Monroe County, Indiana, by unlawfully entering upon and constructing a railroad thereon. Judgment was rendered in favor of appellee on the pleadings, and the errors assigned and relied on for reversal are as follows: Overruling appellants' demurrers to the second and third paragraphs of appellee's answer, and sustaining appellee's demurrers to the first and second paragraph of reply.

Only one question is raised by each of the rulings complained of and that involves the construction and effect of items Nos. 2 and 3 of the will of Benjamin Headley, deceased, copies of which are set out with each paragraph of the answer and are as follows:

"2d. I bequeath to my beloved wife, Eunice Headley, in lieu of her legal interest therein all my personal property and real estate during her natural life, to dispose of the personal property to the best interests of the estate, and to manage said personal property and said real estate to the best interest of the estate, and *if necessary for the best interest of her and of my legal heirs to sell and convey said real estate.* 3d. I bequeath at the death of my wife all my personal property and real estate to my legal heirs, to be equally divided between them, a note given me by my son James to be deducted from his share, excepting his one-ninth share of said note." (Our italics.)

Each of said paragraphs of answer avers that Benjamin Headley died the owner of the land described in the complaint, over and upon which appellee has constructed its

railroad; that his will was duly probated and that said Eunice Headley elected to take under the will; that appellee purchased its right of way (6.58 acres) across said land from Eunice Headley and paid her therefor the sum of $495.45, which was a fair and reasonable consideration, and received from her a warranty deed for the land so purchased, went into possession thereof and constructed its railroad thereon at a cost of $50,000, doing no more damage than was reasonably necessary in executing such work, all of which was done with the knowledge and consent of appellants.

The objections urged to the sufficiency of each paragraph of answer is that Eunice Headley, the widow, had only a life estate in the real estate and under the will of Benjamin Headley, deceased, could only sell and convey the same, "if necessary for the best interest of her and of" the other beneficiaries of the will; that it is not averred that the sale was necessary for the purposes aforesaid, and that without such allegation the demurrers to each paragraph of the answer should have been sustained. In each paragraph of reply the facts of the answer are admitted, except the adequacy of the consideration and the consent of appellants. It is sought to avoid the effect of the answer by averring in substance that appellants did not give their consent to the sale of the land or the construction of the railroad thereon, and that the sale was for an inadequate consideration and was not necessary for the best interests of Eunice Headley or appellants; that the grantor did not procure an order of court authorizing the sale and that she only conveyed to appellee her life estate.

One who holds the life estate in real estate and also has the power to convey the fee simple title, may convey such title by warranty deed without special mention of
1.   such power in the deed, and without an order of court authorizing such sale. McMillan v. Deering & Co. (1894), 139 Ind. 70, 72, 38 N. E. 398; South v. South

(1883), 91 Ind. 221, 228, 46 Am. Rep. 591; *Mulvane* v. *Rude* (1896), 146 Ind. 476, 483, 484, 45 N. E. 659; *Silvers* v. *Canary* (1887), 109 Ind. 267, 269, 9 N. E. 904; *Rinkenberger* v. *Meyer* (1900), 155 Ind. 152, 155, 56 N. E. 913; *Bailey* v. *Rinker* (1896), 146 Ind. 129, 133, 45 N. E. 38. Where the power to sell is contingent upon some event or condition precedent, the general rule is, that the power can only be exercised in the mode, at the time and upon the happening of the event, stipulated in the instrument conferring the power. The foregoing rule applies where the condition upon which the power is to be exercised is the occurrence of an event or independent fact which may be ascertained by any intelligent person with equal certainty.

Where, however, the condition upon which the power of sale is to be exercised is such that its determination depends upon the exercise of judgment and discretion, as to 2. which there may be honest difference of opinion, the decision of the one upon whom such power is conferred, made in good faith, is conclusive of the right to exercise the power of sale. Under such conditions a sale for a valuable consideration, made in good faith, without fraud or collusion on the part of the grantee, or notice to him thereof, can not be invalidated on the ground of an erroneous or unauthorized exercise of the power of sale. *South* v. *South, supra,* 222, *et seq.; Matthews* v. *Capshaw* (1902), 109 Tenn. 480, 72 S. W. 964, 97 Am. St. 854; *Hamilton* v. *Hamilton* (1910), 149 Iowa 321, 328, 128 N. W. 380, and cases cited; *Bartlett* v. *Buckland* (1906), 78 Conn. 517, 519, 63 Atl. 350; *Reed* v. *Reed* (1908), 80 Conn. 401, 407, 68 Atl. 849; *Crozier* v. *Hoyt* (1880), 97 Ill. 23, 31; *Fleming* v. *Mills* (1899), 182 Ill. 464, 471, 55 N. E. 373; *Jennings* v. *Teague* (1880), 14 S. C. 229, 238; *Davis* v. *Hoover* (1887), 112 Ind. 423, 426, 14 N. E. 468; *McMillan* v. *Deering & Co., supra,* 73.

The theory of the complaint is that appellee only obtained a life estate in the land conveyed to it and that the entrance

thereon and the construction of its roadbed and road were not permissible acts of a life tenant and were unlawful. Under the foregoing authorities, we hold that the facts averred in each paragraph of special answer, above set out, show that appellee obtained the fee simple title to the real estate in question and that its entrance thereon was lawful. The court, therefore, did not err in overruling appellants' demurrers thereto for insufficiency of the facts alleged to state a defense to appellants' cause of action.

It is averred in the answer that appellee paid $495.45 for 6.58 acres of farm land and that such price was a fair and reasonable consideration therefor. The averment in the special paragraphs of reply that the price paid for the land was inadequate only amounts to an argumentative denial of the averments of the answer on the subject. The gist of the other averments is that appellants did not give their consent to the sale or the entrance upon the land by appellee; that the sale was not for the best interests of Eunice Headley or appellants, and was not authorized by an order of court duly procured. Under the rules above announced, these averments are insufficient to avoid the special answers, for it was not necessary for Eunice Headley to obtain appellants' consent to sell the land nor, to procure an order of court authorizing the sale, since by her husband's will she was given the power to convey the fee simple, and her conveyance thereof by warranty deed for a fair and reasonable consideration as alleged in the answer was a valid and authorized exercise of the power of sale so conferred on her.

For these reasons the court did not err in sustaining the demurrers to the special paragraphs of reply. Judgment affirmed..

NOTE.—Reported in 108 N. E. 593. As to rights and remedies of tenants of life estates, see 14 Am. St. 628. Estate created by grant or devise of life estate with absolute power of disposition, see Ann. Cas. 1912 B 424. See, also, under (1) 16 Cyc. 637; 31 Cyc. 1115; (2) 31 Cyc. 1133, 1134.