## ROBERT ASHBAUGH AND OTHERS v. CLARENCE A. WRIGHT.[1]

April 28, 1922.

No. 22,690.

**Deed construed — vested remainder in surviving children of life tenant.**

1. A deed conveying real estate to a tenant for life, remainder to his children living at the time of his death, with a provision that the tenant shall have full power to sell and convey the premises, if in his judgment it is advisable to do so and the benefit of his children at the time demands it, and providing further that the provision above stated shall never be construed into a power to mortgage or in any other manner to encumber the premises, *held* to create a vested remainder in the children living at the time of the death of the tenant.

**Characteristics of vested remainder.**

2. Where there is a vested remainder the right of the estate is fixed and certain, though the right of possession is deferred to some future period, and the use, possession and enjoyment by the remainderman commence by reason of the title in fee and the termination of the life estate by the death of the life tenant.

**Conveyance by life tenant in violation of terms of deed.**

3. The conveyance of the premises by the life tenant, for the purpose of having a mortgage placed thereon, was in direct violation of

[1]Reported in 188 N. W. 157.

the provisions in the deed, and did not convey the fee nor in any manner affect the remainderman's estate.

### Life tenant's deed does not affect remainderman.

4. A deed given by a life tenant conveys merely the life estate, although it purports to be a conveyance of the fee, and the grantee acquires thereunder no interest against the remainderman.

### Power of sale to life tenant does not affect vested remainder.

5. Where an estate for life is granted to a parent, remainder to his children, the character of the remainder as a vested estate is not affected by the conferring upon the life tenant of a power to sell and convey the premises.

### Adverse possession of life tenant's grantee.

6. Where a life tenant attempts to convey the premises in fee, the possession of the grantee is not adverse to the remainderman until the termination of the life estate.

### Power of sale dependent on contingency.

7. Where a power of sale conferred upon a life tenant is dependent upon a contingency, it can be exercised only upon the happening of the contingency. Under such circumstances the life tenant does not take an absolute power of sale at his will, but has merely a power of sale dependent upon the contingency, and a purchaser from him is bound to ascertain whether the contingency authorizing the sale has happened.

### Remainderman not estopped by act of life tenant.

8. Ordinarily there can be no estoppel against a remainderman from the acts of the tenant for life. Life tenants cannot, by their own acts, defeat the rights of the remainderman. Nor will a remainderman be bound by the act of a life tenant by mere silence until the termination of the particular estate.

### Decision sustained.

9. The evidence examined and *held* to amply sustain the findings and order for judgment.

Action in the district court for Traverse county to quiet title to vacant and unoccupied land. The case was tried before Flaherty, J., who made findings and ordered judgment in favor of plaintiffs.

From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Ray G. Farrington* and *James B. Ormond,* for appellant.

*Murphy & Anderson,* for respondents.

QUINN, J.

Action to quiet title to the southwest quarter of section 9, township 125, range 48, in Traverse county. Plaintiffs allege title to the land in fee simple under a deed from their grandfather, Robert Ashbaugh, executed in July, 1886. In his answer defendant alleges title in himself by purchase and conveyance from his immediate predecessor and by adverse possession. The reply is a general denial. The cause was tried to the court, findings and an order for judgment in favor of the plaintiffs were filed. From a judgment entered thereon defendant appeals.

The record is voluminous, but the issues are clear. It is conceded that the deed referred to conveyed a life estate to plaintiffs' father, James A. Ashbaugh, remainder to his children who might be living at the time of his death. At the time of the execution of the deed the plaintiffs, Robert and Norris, were small boys residing at home with their parents, James A. and Mary A. Ashbaugh. The plaintiffs were the only children living at the time of their father's death, which occurred in September, 1920. This action was commenced in March, 1921.

There was but little controversy as to the facts. It appears that Robert Ashbaugh became the owner of the land in May, 1883. In July, 1886, he executed a warranty deed conveying a life estate in the premises to his son James A. Ashbaugh, remainder to such of his children as might be living at the time of his death. This deed was duly recorded in the office of the register of deeds of Traverse county on October 7, 1887. In the deed, following the provision granting a life estate to his son James A. Ashbaugh, remainder to his children living at the time of his death, appears a provision that the life tenant shall have and is granted full power and authority to sell and convey the premises above described, if in his judgment it be advisable to do so and the benefit of his children at the time

demands it, "provided further that the provision above stated allowing the said party of the second part to convey the said premises shall never be construed into a power of authority to mortgage or in any other manner to place a lien or other encumbrance on the said premises."

At about the time of the execution of this deed, James A. Ashbaugh moved onto the premises with his family and resided thereupon until the year 1897. On May 25, 1888, he conveyed the land to John W. Avery, for the sole purpose of having Avery place a mortgage thereon to enable him to procure some money with which to discharge an old obligation which he had incurred by signing as surety. Avery accepted the conveyance and placed a mortgage upon the land, the money being used for the purpose stated. This mortgage was paid and discharged. Avery then conveyed the land to Mary A. Ashbaugh pursuant to agreeemnt. No consideration passed between the parties for either of these conveyances. It is clear that these transfers were made for the purpose of evading the provisions of the Robert Ashbaugh deed forbidding the mortgaging of the land.

In July, 1893, Mary A. Ashbaugh executed a mortgage upon the premises for $106.66 to George I. Becker, which was subsequently foreclosed, bid in by Becker at the sale, a sheriff's certificate issued to him, and on July 11, 1896, the certificate assigned to W. H. Stone. On May 8, 1901, John W. Avery and the defendant Clarence A. Wright entered into a contract by the terms of which Avery agreed to sell and convey to Wright all of section 9, although at the time he had no title to the land here in question. The consideration expressed in the contract for the entire section was $12,800. Thereafter Avery conveyed by warranty deed all of the section, except that portion here in controversy, to the defendant.

On September 10, 1901, Stone gave Avery a quitclaim deed to the land in controversy for the consideration of $300. The land at that time was worth $3,200. This quitclaim deed was recorded October 7, 1901. On August 29, 1902, Avery gave defendant a special warranty deed of the premises in question, for the expressed consideration of $3,200, but in this connection the trial court found

as a fact that the three-quarters first conveyed was well worth the sum of $12,800. At the time of the execution of the contract referred to both Avery and the defendant knew of all the conditions in the Robert Ashbaugh deed and of the respondents' claim to the premises therein described.

It is clear that under the existing circumstances the respondents acquired a vested remainder in the premises under the Robert Ashbaugh deed. Where there is a vested remainder the right of the estate is fixed and certain, though the right of possession is deferred to some future period. So in the instant case, the use, possession and enjoyment by respondents commence by reason of their title in fee and the termination of the life estate by the death of the life tenant, unless divested by the transfer made by the life tenant, and the execution of the Becker mortgage. 23 R. C. L. pp. 498, 500; Bunting v. Speek, 41 Kan. 424, 21 Pac. 288, 3 L. R. A. 690; Schuyler v. Hanna, 31 Neb. 307, 47 N. W. 932, 11 L. R. A. 321.

The conveyance of the premises by the life tenant to Avery, for the purpose of having a mortgage placed thereon, was in direct violation of the provisions of the deed given by Robert Ashbaugh, as was also the placing of the mortgage on the premises. It did not convey the fee nor in any manner affect respondents' estate; it was not a sale of the premises under the power; it was a simple sham, as all who knew of it must have understood. Nor did the conveyance by Avery to Mary A. Ashbaugh in any manner empower the giving of the mortgage afterwards foreclosed. Both Avery and the defendant had actual as well as constructive notice of the provisions in the Robert Ashbaugh deed, and of the claims of the respondents in and to the premises at the time of the various transfers. The rule is well established that a deed by a life tenant conveys merely the life estate, although it purports to be a conveyance of the fee, and the grantee acquires thereunder no interest against the remainderman. Barnes v. Gunter, 111 Minn. 383, 393, 127 N. W. 398; G. S. 1913, § 6830. In the same manner a life tenant may mortgage his interest and his estate may be sold under foreclosure proceedings without affecting the interest of the remainderman, nor will the procedure give the mortgagee any legal or equitable rights

against him. 21 C. J. 961, note 46a; Tantum v. Coleman, 26 N. J. Eq. 128; Missouri Cent. B. & L. Assn. v. Eveler, 237 Mo. 679, 141 S. W. 877, Ann. Cas. 1913A, 486; Acord v. Beaty, 244 Mo. 126, 148 S. W. 901, 41 L. R. A. (N. S.) 400; Green v. Horn, 207 N. Y. 489, 101 N. E. 430; 17 R. C. L. p. 643.

Where an estate for life is granted to a parent, remainder to his children, the character of the remainder as a vested estate is not affected by the conferring upon the life tenant of a power to sell and convey the premises, when in his judgment it is advisable to do so and the benefit of the children demands it. Roberts v. Roberts, 102 Md. 131, 62 Atl. 161, 1 L. R. A. (N. S.) 782; Ball v. Holland, 189 Mass. 369, 75 N. E. 713, 1 L. R. A. (N. S.) 1005 and note, 111 Am. St. 344, 5 Ann. Cas. 805; Ducker v. Burnham, 146 Ill. 9, 34 N. E. 558, 37 Am. St. 135.

Where a life tenant attempts to convey the premises in fee, the possession of the grantee is not adverse to the remainderman until the termination of the life estate, for the reason that the latter has no right of possession until the particular estate is terminated, and he can have no right of action which depends upon the right of possession, until he is entitled to the possession. Pryor v. Winter, 147 Cal. 554, 82 Pac. 201, 109 Am. St. 162; Bohrer v. Davis, 94 Neb. 367, 143 N. W. 209, L. R. A. 1918D, 430, Ann. Cas. 1915A, 992. Nor will the statute of limitations commence its operation until that time. Bohrer v. Davis, supra; Lindley v. Groff, 37 Minn. 338, 34 N. W. 26.

Where the power of sale conferred upon a life tenant is dependent upon a contingency, it can be exercised only upon the happening of the contingency. Thus, under a power to sell and convey, if in the judgment of the life tenant it is advisable to do so and the benefit of the children at the time demands it, the life tenant does not take an absolute power of sale at his will and pleasure, but has merely a power of sale dependent upon the contingency that it was necessary at the time for the benefit of the children, and a purchaser from him is bound to ascertain whether the contingency authorizing the sale has happened. 22 Am. & Eng. Enc. (2d ed.) 1156; Barnes v. Gunter, supra; Fleming v. Mills, 182 Ill. 464, 55 N. E. 373; Hull v. Culver, 34 Conn. 403; Stevens v. Winship, 1 Pick. (Mass.)

318, 11 Am. Dec. 178; Larned v. Bridge, 17 Pick. (Mass.) 339; Warren v. Webb, 68 Me. 133.

It is urged that plaintiffs are precluded from asserting any claim of ownership in the premises under the rules of estoppel. We do not agree with this contention. There can ordinarily be no estoppel against a remainderman from the acts of the tenant for life. Life tenants cannot, by their own acts, defeat or prejudice the rights of the remainderman. 23 R. C. L. p. 590. Nor will a remainderman be bound by the act of the life tenant by mere silence until the termination of the particular estate. 21 C. J. 1150, note 90; 10 R. C. L. p. 770, note 19; Macomber v. Kinney, 114 Minn. 146, 128 N. W. 1001, 130 N. W. 851.

Appellant urges strongly that respondents, instead of claiming the fee under the deed, seek the equitable interference of the court. We do not so understand the record. The evidence so persistently objected to was proper as characterizing the several transactions entering into the chain of title under which defendant seeks to maintain his claim to the land. We think the evidence amply supports the findings.

Judgment affirmed.