WILLIAM A. PHILLIPS *vs.* CAROLINE C. BROWN.

A., being life tenant of realty under a will, with power to sell in case the rents and income were insufficient for her comfortable support, made deeds:

1. Of a part of the realty in execution of the power to sell.
2. Of her life estate in the rest to one W., in trust to manage, etc., and to support A. from the income.
3. To W. of all her interest in the realty .except that conveyed under deed No. 1. This deed, No. 3, was a quitclaim, and did not refer to the powers given by the will.

*Held*, that this last deed conveyed only A.'s equitable life estate.

If an interest and a power coexist in the same person, an act done without reference to the power will as a rule affect the interest, not the power.

Explanatory words of intention in a deed may remove ambiguity of description, but do not enlarge the grant.

TRESPASS AND EJECTMENT. Heard by the court, jury trial being waived.

*July* 7, 1888. STINESS, J. The plaintiff sues in trespass and ejectment, upon his title to the land in question, as residuary legatee under the will of John Kelton, deceased. By this will Kelton devised his real estate to his wife, Sally Kelton, " to have and to hold the same for and during her life, and if at any time during her life the rents, profits, and issues of said property shall not be sufficient to maintain my said wife in a comfortable manner, then I hereby authorize my said wife to sell so much and such part of my said property as she may think proper necessary for her support from time to time as necessity may require."

January 29, 1881, Sally Kelton by deed, referring to, and under the authority of, the power above given, sold to William F. Mountain a farm, which was a portion of the estate, reciting that the sale was for " the purpose of providing her a comfortable support, the rents and profits of the property given her in the will being insufficient for that purpose."

December 18, 1886, she made quitclaim deed to Herbert B. Wood, of " all the right, title, interest, property, claim, and demand, which I now have, or of right ought to have or claim, in and to all the real estate, with all the improvements thereon, situate in said town of Johnston, of which my late husband died seized (excepting, however, therefrom the estate heretofore by me conveyed to William F. Mountain), and however the same are

bounded and described. Meaning and intending hereby to convey the estates, with the two dwelling-houses and other improvements thereon, situate on Smith Street, so called, in said Johnston. Also the Homestead Estate of the late John Kelton, where I now reside, and situate on Plainfield Street in said Johnston."

July 29, 1887, Wood executed a quitclaim deed to the defendant, under which she claims title. The question is, whether the deed from Sally Kelton to Wood conveyed a title in fee, or only her equitable life estate; she having previously made a deed of the property to Wood, not under the power, but in trust for her maintenance, in which she undertook to delegate the power of sale to him.

This court has decided, in a bill in equity brought by the complainant against Wood, October Term, 1886,[1] to enjoin him from proceeding to sell under the power, that the power was personal and not assignable, and that the trust deed conveyed only her life estate in the property to the trustee. It will be observed that the grant in the deed in question is simply the right, title, interest, etc., which Sally Kelton then had, or ought to have, in and to the property described. No reference is made to the power given her in the will; nor is any language used which clearly, if at all, shows her intention to act under it. Kent says, with reference to the execution of powers: " The power may be executed without reciting it, or even referring to it, provided the act shows that the donee had in view the subject of the power. The general rule of construction, both as to deeds and wills, is that if there be an interest and a power existing together in the same person over the same subject, and an act be done without particular reference to the power, it will be applied to the interest and not to the power." 4 Kent Comment. 12th ed. *334; 2 Washburn Real Property, *325, § 33. The subject of the execution of powers was exhaustively examined by Judge Story in *Blagge* v. *Miles*, 1 Story, 426. His review of the cases fully sustains the rule as given by Kent. The following cases are also in point: *Denn dem. Nowell* v. *Roake*, 5 B. & C. 720; *Hay* v. *Mayer*, 8 Watts, 203; *Jones* v. *Wood*, 16 Pa. St. 25; *Towles* v. *Fisher*, 77 N. Car. 437; *Brunswick Savings Institution* v. *Crossman*, 76 Me. 577.

---

[1] The next preceding case, *ante*, p. 274.

We do not see how we can construe the deed of Sally Kelton to Wood to have passed anything more than her equitable life interest in the property. The grant was in express terms to that effect. The explanatory words of intention point out the estates to which the deed refers, and might be resorted to if there were any ambiguity in the description; but they cannot enlarge the grant, nor do they import an intention to execute the power. The reference to the deed to Mountain, where an intention to execute the power is explicit, tends to negative such an intention in the present deed, where there is no reference to the power. The deed is simply a quitclaim deed of her interest in the property, and can carry nothing more than the interest she then had. That interest terminated with the death of Sally Kelton, and consequently the defendant has no title to the property in dispute, by the deeds under which she claims title.

*Judgment for plaintiff for possession.*
*Stephen A. Cooke, Jun. & George J. West,* for plaintiff.
*Herbert B. Wood & William Fitch,* for defendant.