## MILLER v. IREY et al.

No. 20260.  Opinion Filed July 14, 1931.

Sam P. Ridings, for plaintiff in error.

H. W. Goodwin and Simons, McKnight, Simons & Mitchell, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Grant county in favor of the defendants in a suit in ejectment for the recovery of certain real estate. The parties appear in this court as they appeared in the trial court, and they will be hereinafter referred to as plaintiff and defendants.

The record shows that Andrew J. Miller died in June 1899, leaving a will which was duly probated in the county court of Grant county during the same year. The sole and only heirs of the testator were his wife, Mary C. Miller, and his children, John A. Miller, Mary A. Irey, and Rhodella Jane Moffit. The estate consisted of personal property and a homestead consisting of 160 acres of land. By the terms of the will, Mary A. Irey and Rhodella Jane Moffit were given $1 each. The will contained the further provisions:

"* * * Item. It is my will and I further direct after each and all of the above bequests have been fully paid that my beloved wife Mary C. Miller, have all my real, personal and mixed estate including all moneys, credits, notes and accounts and all property of all kinds that I may die possessed of to and hold the same for her comfort enjoyment during her natural life or as long as she remains my widow, and I further empower her to sell any and all of either my personal, real or mixed estate whenever she may think it to her interest or welfare to so do.

"Item. It is my request and direct at her decease or intermariage of my wife Mary C. Miller, that whatever property, moneys or credits she may have or remains of any of my estate that she may have inherited by this will or of property she may have inherited either directly or indirectly by investment or otherwise, so that money value can be traced to this will, I bequeath the same to son John A. Miller, in fact any and all real personal or mixed estate that my wife may have of mine at the time of her death or intermarriage I bequeath to my son John A. Miller. * * * And I hereby nominate and appoint as executrix of this will my beloved wife Mary C. Miller, empowering her to do all acts as she may think best to her interest and to compromise receipt for and adjust any and all claims owing by me or coming to me. * * *"

The record further shows that after the will had been duly probated, Mary C. Miller, on the 14th day of August, 1906, entered into an agreement in writing with her daughter, Mary A. Irey, wherein it was stipulated and agreed that Mary A. Irey was to furnish a home and support for Mary C. Miller during her entire lifetime; that Mary A. Irey should pay to Mary C. Miller, each year so long as she lived, a sum equal to one-third of the net receipts from the 160 acres of land described in the will, and that Mary A. Irey was to relinquish a claim in the total sum of $1,000 against Mary C. Miller for services rendered and goods and money furnished the said Mary C. Miller by her. The consideration therefor was love and affection and the sale and conveyance by Mary C. Miller of the land described in the will to Mary A. Irey. On the day the written agreement was entered into, Mary C. Miller executed a general warranty deed conveying said land to Mary A. Irey, naming as a consideration the sum of $1,000.

The record further discloses that the estate was duly administered; that the executrix filed her final account, and that the county court, on September 27, 1907, entered a decree of distribution, wherein it was decreed that Mary A. Irey and Rhodella Jane Moffit

each be paid $1, and "to the widow, Mary C. Miller, all the residue and remainder of said estate during the term of her natural life or as long as she remains a widow, and thereafter to the son of decedent, namely, John A. Miller."

Mary C. Miller died in January, 1924, and this suit was instituted by the plaintiff in March, 1926, for recovery of the land under the terms of the will and the order of final distribution. The court rendered judgment in favor of defendants, from which the plaintiff appealed to this court.

The plaintiff contends that the widow, Mary C. Miller, took only a life estate in the land by the terms of the will and decree of distribution; that she had no right to sell the land; that in no event would a sale of the land be legal except by the executrix through the county court, and that the plaintiff held the title in fee, subject to the life estate.

The defendants contend that, under the terms of the will and the power conferred by the will, Mary C. Miller had authority to sell the land; that the same was sold for a valuable consideration which was fully paid; that all acts to be done under the terms of the written agreement had been fully performed, and that Mary C. Irey was the owner of the land in fee.

Sections 8525 and 8526, C. O. S. 1921, provide as follows:

"Where a general and beneficial power to devise the inheritance is given to the owner of an estate for life or for years, he is deemed to possess an absolute power of disposition, within the meaning of the last three sections.

"Every power of disposition is deemed absolute, by means of which the holder is enabled in his lifetime to dispose of the entire fee, in possession or in expectancy, for his own benefit."

The will contains a provision as follows:

"* * * and I further empower her to sell any and all of either my personal real or mixed estate whenever she may think it to her interest or welfare to so do"

—and a further provision as follows:

"* * * and I hereby nominate and appoint as executrix of this will my beloved wife Mary C. Miller, empowering her to do all acts as she may think best to her interest. * * *"

It is not necessary for us to determine the nature and extent of the estate acquired by Mary C. Miller under the terms of the will. It is only necessary that we deter-

mine herein whether or not she was empowered by the will to sell the land and to convey title thereto in fee. A life tenant, under the terms of a last will and testament, has full power to convey a fee-simple title to real estate where that power is given in a will devising the real estate. Watkins v. French, 149 Okla. 205, 299 Pac. 900.

In Gildersleeve v. Lee (Ore.) 198 Pac. 246, the court held:

"A right of disposition is not property, but a mere authority and an absolute power of disposal is not inconsistent with an estate for life only, and a gift of power to dispose of the whole estate annexed to an estate for life, with remainder over in fee to third persons, confers upon the life tenant plenary power to convey the fee upon the terms of the power granted"

—and:

"Where testatrix gave residue of estate to her husband for life, remainder to their children, and provided that 'he may sell and convey any and all of the property in the usual course of business, the same as I could or would do if personally present,' held, that the husband had power to convey the fee."

The will, when construed in connection with sections 8525 and 8526, supra, gave to Mary C. Miller, not only a life estate, but the absolute power of disposition of the real estate. The land was disposed of by her under the power contained in the will to insure sustenance and maintenance for her during the remainder of her life and to pay her personal indebtedness. The conveyance thereof was for a valuable consideration, which was fully paid. The execution and delivery of the deed by Mary C. Miller conveyed the fee-simple title in the land to Mary A. Irey. The plaintiff has no title thereto.

There is no merit in plaintiff's contention that the decree of distribution of the county court affected the title to the land. Mary C. Miller was alive, but she had theretofore conveyed the land. All that could be distributed under the decree was the personal property and the legacies provided in the will to Mary A. Irey and Rhodella Jane Moffit. The county court was without authority to include the land in controversy in the decree of distribution. The title to the land was fixed by the terms of the will.

The land was not sold by Mary C. Miller as executrix, and the sale thereof did not have to be approved by the county court.

The life estate, coupled with the power of sale by the terms of the will, gave full

power for the sale. The only thing that could have affected that right would have been the necessity for a sale of the land to pay the indebtedness of the estate under the terms of the will. The record shows no such necessity.

The execution and delivery of the deed by Mary C. Miller conveyed the fee simple title in the land to Mary A. Irey. The plaintiff has no title thereto. The trial court so found, and its judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, McNEILL, and KORNEGAY, JJ., concur. SWINDALL, J., not participating.