GURNEY P. HOOD, COMMISSIONER OF BANKS OF THE STATE OF NORTH CAROLINA, ON RELATION OF NORTH CAROLINA BANK AND TRUST COMPANY, v. NORTH CAROLINA THEATRES, INC.

(Filed 15 June, 1936.)

**Wills E h—**

> A deed in fee simple, with full covenants of warranty, is sufficient to convey the fee in property by a devisee of the defeasible fee with full power of disposition, since the devisee's deed manifests the intent to exercise the power, even though it does not specifically refer thereto.

APPEAL by defendant from *Barnhill, J.,* at May Term, 1936, of WAKE. Affirmed.

Controversy without action to determine the question of title to certain real estate in the city of Raleigh, involving the construction of the will of Malvina K. Walters.

The plaintiff claims title by *mesne* conveyances under Mrs. Vera Newton Walters Tomlinson, devisee and daughter of the testatrix, and has contracted to convey the described land to the defendant, and has tendered deed sufficient in form. The defendant contends the title is defective by reason of the provisions of the will of said Malvina K. Walters.

From judgment that plaintiff has good and indefeasible title and right to convey in fee simple, defendant appealed.

*Beverly C. Moore for plaintiff.*
*Kenneth M. Brim and Murray Allen for defendant.*

PER CURIAM. Mrs. Malvina K. Walters died testate, 7 June, 1927, survived by her two daughters, Mrs. Vera Newton Walters Tomlinson and Mrs. Edna Earl Walters Jones.

The portions of her will pertinent to the question involved are as follows:

"Item 3: I give, devise, and bequeath my property, real and personal, to my daughters and their children as follows: To my daughter, Vera Newton Walters Tomlinson, for the period of her life, remainder to her natural children, the following described real estate in the city of Raleigh: (1) The store and Lot No. 115 Fayetteville Street, running back to Wilmington Street, together with all my right and title to the improvements thereon." . . .

"Item 5: If my daughter, Mrs. Tomlinson, shall die without children, or having children, they shall all die without issue, I will and devise the property herein devised to her to her sister, Mrs. Edna Earl Walters Jones, for life, remainder to her natural children."

Codicil Item 1: "I hereby declare it to be my will that the property, both personal and real, devised and bequeathed in the foregoing will, dated 1 January, 1910, shall pass at my death to my daughters, Vera and Edna, absolutely and in fee simple, in the division as set out in said will, provided only that upon the death of either daughter, the property devised to such daughter shall descend to her children, or, having no children, to the remaining daughter absolutely. This provision shall not prevent either daughter during her lifetime from improving, selling, conveying, and converting the property devised or bequeathed to her, but said daughters shall have full control of their respective shares of my estate, subject only to said provision."

Codicil Item 3: "I wish the property herein devised and bequeathed to descend as provided in Item Fifth of my will, but I hereby declare that this wish is absolutely subject to my will that my said daughters shall have full and absolute control of the property devised by me to

them to do with as they wish, subject to the provision in Item 1 of this codicil; and this wish is expressed only for the purpose of indicating the disposition to be made of my property in the event that my daughters die without natural children and without having disposed of their said shares."

On 22 September, 1928, Mrs. Vera Newton Walters Tomlinson and her husband conveyed the described property to Powell & Powell, Inc., by deed in fee simple with usual covenants, and the plaintiff herein claims title by *mesne* conveyances under said deed.

The defendant contends the will of Mrs. Walters did not vest in Mrs. Tomlinson power to convey the property in fee simple, and that if power of disposition was given, the deed to Powell & Powell, Inc., is insufficient to convey the fee "because it does not contain express reference to said power."

It is manifest from an examination of the provisions of the will, hereinbefore set out, that the devise to Mrs. Tomlinson is coupled with full and express power to convey, and that it was the intention of the testatrix that the limitation over should apply only to property not disposed of by the first taker.

The defendant contends, however, that conceding the power of disposition, the deed of Mrs. Tomlinson is insufficient because it contains no specific reference to this power, and was not made in the exercise of the power.   This contention cannot be sustained.

It was held in *Matthews v. Griffin,* 187 N. C., 599 : "While some of the earlier decisions were more strict in their requirements that in order to the validity of instruments executed by persons having a power of appointment, express reference to the power should be made, a more liberal rule prevails in the later and authoritative cases on the subject, and it is now very generally accepted that the question is largely one of intent, and the instrument will be upheld as a valid execution of the power where, on its entire perusal, the intent to exercise the power can be plainly inferred.   .   .   .   If a conveyance is made which cannot have full effect except by referring it to an execution of the power, though some estate would pass by reason of the ownership, the conveyance will be referred to the power."

The intent to convey in exercise of the power is manifest from the execution of a deed in fee simple with full covenants of warranty.

In 91 A. L. R., 472, will be found collected numerous cases from other jurisdictions in accord with the ruling in *Matthews v. Griffin, supra.*

The judgment of the court below is

Affirmed.