## RUBY v. BISHOP et al.
## No. 4593.

United States Court of Appeals
Tenth Circuit.
Aug. 19, 1953.

Duke Duvall and Delmer L. Stagner, Oklahoma City, Okl., for appellant.

M. W. McKenzie, Oklahoma City, Okl. (H. Barney Crawford, Oklahoma City, Okl., on the brief), for appellees, Wilton J. and Leanna J. Miller and Local Federal Savings & Loan Assn.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Appellants brought this quiet title and ejectment action as successors to the remaindermen under the will of Lou B. Pasell against the Appellees whose asserted interests are derived from the powers of sale and disposition granted under the terms of the will.

Federal jurisdiction is based upon existing diversity of citizenship and requisite amount in controversy.

The testatrix, Lou B. Pasell, died April 1, 1921 seized of Lots 7, 8, 9 and 10, Block "N", Oak Park Addition to Oklahoma City, Oklahoma. The will devised the property to her husband, Henry Pasell, "to be used and enjoyed by him with the right to sell and dispose of same and use so much thereof, either principal or income, as he may desire during his lifetime, with the direction and provision that if any of said property, or the proceeds thereof, remain in the ownership and possession of the said Henry Pasell at the time of his death that the same then be distributed equally to my two children, Lyda L. Board, my daugher, and Frank S. Ruby, by son, equally, that is, share and share alike."

Holding that the will created a life estate in Henry with powers of sale and disposal and that deeds subsequently executed by him in pursuance of such powers operated to effectively extinguish the rights of the remaindermen, the trial court gave judgment for the Defendants-Appellees, and this appeal is from that judgment.

At the outset the Appellees take the position that when the will is construed according to the applicable canons of construction it must be deemed to have vested a fee simple title in Henry, thereby giving him absolute powers of sale and disposal; and that deeds executed by him are therefore effective to convey good and valid title to the Appellees' predecessors in interest. This position, if tenable, is of course dispositive of the case.

Under the statutory law of Oklahoma "every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words." Title 16 O.S.A. § 29. And in consonance with the statutory law, Oklahoma follows the general rule of construction that where doubtful words of devise are coupled with clear and distinct powers of absolute disposal, the devisee takes a fee simple title even though there may be subsequent words of limitation over of what remains after the first taker's death, Hicks v. Fairbanks Heirs, Okl., 256 P.2d 169. But these settled rules of construction do not preclude the creation of a life estate with unrestricted powers of disposition and a limitation over to remaindermen if the words used to create the estate are as clear and distinct as those creating the power and remainder. See cases collected in Annotations: 36 A.L.R. 1177 and 76 A.L.R. 1153.

In other words a power of absolute disposal is not inconsistent with a life estate, and a gift of the power to dispose of the whole estate annexed to an estate for life with remainder over confers upon the life tenant plenary power to convey the fee upon the terms of the power granted. Gildersleeve v. Lee, 1921, 100 Or. 578, 198 P. 246, 36 A.L.R. 1166, cited in the Oklahoma case of Miller v. Irey, 150 Okl. 240, 1 P.2d 654.

In its final decree of distribution the Oklahoma County Court distributed the estate to Henry "in fee" and the Appellees contend that the final order of the court constituted a binding adjudication of a fee simple title in Henry. It is true that the decree of the court did use the words "fee simple" in describing the estate devised and distributed, but it did not stop there. It went on in the lan-

guage of the will to recite that the property in question was distributed in accordance with the provisions of the will to Henry Pasell in "fee simple to be used and enjoyed by him, with the right to sell and dispose of the same, or so much thereof, * * * as he may desire during this lifetime, and * * * if any of the property or the proceeds thereof remain in his ownership or possession at the time of his death that the same become the property of the two children", share and share alike.

When the decree is considered in accordance with the clear language of the will, we think the words "fee simple" must be said to have been inadvertently used to describe the nature of the estate devised. When the phrase is considered in its proper context, it becomes unmistakably plain that instead of extinguishing the rights of the remaindermen under the will the decree undertook to recognize and preserve such rights.

When the critical words of devise are considered in connection with the manifest intention of the testatrix we think they have the clear effect of devising a life estate in the husband with power to sell and dispose of the property for his beneficial use and a limitation over to remaindermen. And, construed in the light of the dual purposes of the testatrix it also seems clear enough that the power of disposal for beneficial use did not include the power to cut off the remaindermen by a gratuitous disposition either by gift inter vivos or by will. Rosenberg v. Baum, 10 Cir., 1946, 153 F.2d 10; King v. Hawley, 113 Cal.App. 2d 534, 248 P.2d 491; Pearson v. Orcutt, 106 Kan. 610, 189 P. 160; Stocker v. Foster, 178 Mass. 591, 60 N.E. 407; Parker v. Lloyd, 321 Mass. 126, 71 N. E.2d 889; 2 A.L.R. 1243, 1276, 1317; 27 A.L.R. 1381, 1384, 1388; 69 A.L.R. 825, 830, 837; and 114 A.L.R. 946, 950, 957. We have then a life estate with a conditional power of disposal and a remainder over. Morford v. Diffenbacker, 54 Mich. 593, 20 N.W. 600; Ashbaugh v. Wright, 152 Minn. 57, 188 N.W. 157; Larsen v. Johnson, 78 Wis. 300, 47 N.W. 615.

The Appellants take the position that the powers of sale and disposal for beneficial use created in the will are limited to sale or disposition for a valid consideration, and invoking the rule that the burden of proving a valid exercise of the power rests upon the party claiming thereunder, they assert the Appellees have failed to show that the conveyances by Henry were within the powers of disposition granted under the will. And see Emery v. Emery, 1927, 325 Ill. 212, 156 N.E. 364, 365; Lord v. Smith, 1936, 293 Mass. 555, 200 N.E. 547; Stocker v. Foster, 1901, 178 Mass. 591, 60 N.E. 407.

The rule placing the burden of proof upon the one claiming under a power to show a valid execution is but a recognition of the still broader rule requiring clear and convincing proof of an intention to exercise a power. Lee v. Simpson, 134 U.S. 572, 10 S.Ct. 631, 33 L.Ed. 1038, 72 C.J.S., Powers, § 40(c); 91 A.L.R. 434; 127 A.L.R. 249. And the rule is corollary to another rule of ancient and venerable origin to the effect that if one possessed of an interest and a power makes a conveyance of the subject matter without reference to the power he is presumed to have conveyed only his interest and not to have executed his power. Barnard v. Moore, 71 Colo. 401, 207 P. 332; Mutual Life Ins. Co. v. Shipman, 119 N.Y. 324, 24 N.E. 177; Weinstein v. Weber, 178 N.Y. 94, 70 N.E. 115; Lardner v. Williams, 98 Wis. 514, 74 N.W. 346; Phillips v. Brown, 16 R.I. 279, 15 A. 90; Lister v. Lister, 47 R.I. 366, 133 A. 437. This so-called power plus interest rule is another recognition of the requirement for manifestation of an intent to exercise the power. See In re Smith's Will, 279 App.Div. 140, 108 N.Y.S.2d 290.

To overcome this presumption and to cast the burden of showing the invalidity of the challenged conveyances upon the Appellants, Appellees rely upon 60 O.S.A. § 234 providing that "Every instrument executed by the holder of a power, conveying an estate or creating a charge which such holder would have no

right to convey or create except by virtue of his power, is to be deemed a valid execution of the power, even though not recited or referred to therein." But this statute has been repeatedly construed by the court of the state of its origin as being applicable only to conveyances by the donee of a naked power without an interest and as having no effect whatsoever on the so-called power plus interest rule. Mutual Life Ins. Co. v. Shipman, supra; In re Smith's Will, supra. The Oklahoma court has not construed the statute but we apprehend that it would follow the settled construction of the act.

But quite apart from statutory aids or presumptions the object of our inquiry is the ascertainment and effectuation of the intention of the donee of the power. And if his intent to exercise the power according to its terms and conditions clearly appears upon the face of the will, deed or instrument, as where the deed embraces the subject matter of the power or is inoperative without it, it will be deemed not only to have conveyed the interest but executed the power as well. Wilson v. Singleton, 1951, 410 Ill. 611, 103 N.E.2d 72; Headley v. Indianapolis Southern R. Co., 1915, 58 Ind.App. 592, 108 N.E. 593; Taylor v. Taylor, Mo.Sup.1951, 243 S.W.2d 310; Busch v. Plews, 1952, 19 N.J.Super. 195, 88 A.2d 264; Board of Home Missions of Presbyterian Church in United States of America v. Saltmer, 1939, 125 N.J.Eq. 33, 4 A.2d 69; Hood ex rel. North Carolina Bank & Trust Co. v. North Carolina Theaters, Inc., 1936, 210 N.C. 346, 186 S.E. 345, 72 C.J.S., Powers, § 40(b) (5); Reeside v. Annex Bldg. Ass'n, 165 Md. 200, 167 A. 72, 91 A.L.R. 433; Meister v. Francisco, 233 Wis. 319, 289 N.W. 643, 127 A.L.R. 248.

Henry executed a deed to his third wife, Hattie, in 1926 but it was expressly cancelled by a divorce decree in 1928. When Henry married his fourth wife, Lillian Thomas in 1930, there were three mortgages on the devised property totaling $3227.37 all executed by Henry and his previous wives and on which Lillian was not liable. On the 19th day of August, 1930 Lillian paid $2419.14 and Henry paid $852.22 to liquidate and discharge the three mortgages on the entire property. On the same day Henry and Lillian conveyed the property to Vinitta Wigley who immediately reconveyed to Henry and Lillian as joint tenants. In March, 1937 Henry conveyed by warranty deed the West 17 feet of Lot 9 and all of Lot 10 to Lillian. The deed recited a consideration of $2700.00 but no revenue stamps were affixed. Lillian died the same year and the West 17 feet of Lot 9 and Lot 10, known as the West Property were distributed to Henry by decree of the County Court in accordance with Lillian's Will. In 1938 Henry married his fifth wife, Addie Lee, and in May, 1944 he executed two warranty deeds to his wife, Addie Lee, one covering the West 22 feet of Lot 9 and all of Lot 10 (West Property) and Lots 7 and 8 and the East 3 feet of Lot 9 (East Property). Each of the deeds recited a consideration of "One Dollar and other valuable presents," but no revenue stamps were affixed. Soon after the execution of these deeds Henry died leaving a will in which he devised all of his property to Addie Lee. Addie Lee died in January, 1946 leaving a will devising all of her property to her sons and daughters through whom the Appellees derive their interest.

None of the deeds referred to Henry's power of disposition. But they did embrace the subject matter of his powers, and the deeds to Lillian and Addie Lee purported to convey and warrant a fee simple title; and they were inoperative without the execution of the powers. Henry's intention to execute his powers was therefore too clear for doubt and the only remaining question is whether they were executed in accordance with the terms and conditions thereof.

Denying that any of the deeds was for a valid consideration and hence for Henry's beneficial use the Appellants contend that the attempted conveyances were

mere gratuitous dispositions and therefore not within the powers conferred upon Henry by Lou's will.

To show a valid execution of the powers and the conclusiveness of the deeds on their face, the Appellees invoke 60 O.S.A. § 266 providing: "Every power of disposition is deemed absolute, by means of which the holder is enabled in his lifetime to dispose of the entire fee, in possession or in expectancy, for his own benefit." Here the donee was empowered to dispose of the entire fee for his own benefit, and by the execution of the deeds he is deemed to have conveyed absolutely. But the statute relates only to the power and not to the title vested in the donee. Hasbrouck v. Bookstaver, 130 App.Div. 378, 114 N.Y.S. 949. It does not serve to enlarge a life estate into a fee. In re Brower's Estate, 278 App. Div. 851, 104 N.Y.S. 658, affirmed 304 N.Y. 661, 107 N.E.2d 589. Nor does it preclude the testatrix from providing the terms, mode and conditions upon which the power to dispose of the fee shall be exercised. Title 60 O.S.A. § 231. It does not inhibit the manifest intention of the testatrix to restrict or condition the exercise of the power to convey the entire fee. In short, it does not make absolute that which is plainly conditional. We think the statute does no more than to raise a legal presumption that the power to convey the fee when exercised is absolute. It does not dispense with inquiry into the question whether the prescribed conditions under which the power is to be exercised have been met.

The power of the life tenant to sell and dispose for his beneficial use and enjoyment was deemed within the purview of 60 O.S.A. § 266 in Miller v. Irey, supra, and Arnold v. McAuliffe, 201 Okl. 639, 209 P.2d 866. But in each case the Oklahoma court was careful to point out that the conditions of the power had been met by the conveyance in fee for a valid consideration.

Appellees also rely upon Title 60 O.S.A. § 262 which provides that: "Where an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate is changed into a fee, absolute in favor of creditors, purchasers and incumbrancers, * * *" The effect of this statute as applied here is said to change the life estate in Henry to a fee absolute in favor of the Appellee purchasers and incumbrancers.

In Watkins v. French, 1931, 149 Okl. 205, 299 P. 900, 76 A.L.R. 1153, the life tenant was given full power to sell and dispose of the property in any manner and on any terms that seemed to her best with no restrictions except as to such residue and remainder as may be retained by her at the time of her death. Making application of the statute, the court held that the power of disposition being absolute, the life estate was changed to a fee in favor of the incumbrancers. See also In re Inheritance Tax on Dale's Estate, 1934, 167 Okl. 240, 29 P.2d 88; Auer v. Brown, 1904, 121 Wis. 115, 98 N.W. 966; 36 A.L.R. 1177, at page 1228. But the statute plainly presupposes an absolute not a conditional power of disposition. It does not enlarge upon a conditional power of disposal and it is inapplicable to a life estate with such powers and an express remainder resulting in a trust. 33 Am.Jur., Life Estates, Remainders, etc., Page 494, §§ 31 and 32.

According to the findings of the trial court, soon after Henry and Lillian were married in 1930, they discussed liquidating the mortgages on the subject property. And Lillian agreed to pay off, or to help pay off, the mortgages with her own funds in consideration of a deed to the West 17 feet of Lot 9 and all of Lot 10 referred to as the West Property. And $2419.14 of her separate funds was used to help discharge the three mortgages on the entire property. The Wigley transaction was intended to effect a joint tenancy in the property, and soon thereafter Lillian spent about $300.00 repairing the West Property. The trial court specifically held that the Wigley deeds did not operate to cut off the rights of the remaindermen but made no findings with respect to the warranty deed from Henry to Lillian in March, 1937.

While that deed was not executed for seven years after Lillian had used her money to discharge the mortgages, it was in clear recognition of the understanding between them that she would have a deed covering the West Property.

■ After the mortgages were discharged and the Wigley deeds executed, Henry and Lillian joined in mineral deeds to the property for the sum of approximately $5500.00 and the evidence shows that Lillian received at least a part of the proceeds of this sale. It is suggested that Lillian received all of the money she had expended in the discharge of the mortgages before the execution of the deed in 1937 and that the monies paid to discharge the mortgages could not constitute a valid consideration for the 1937 deed. But if she paid a valid consideration in 1930 for the deeds which were not executed until 1937, the consideration did not fail merely because she received an amount equal to or in excess of the con--sideration paid as increment from the ownership of the property. It does not negative the clear inference that the mortgages were discharged with Lillian's money for Henry's use and benefit. We think the evidence is entirely sufficient to show that the deed to Lillian in 1937 covering the West 17 feet of Lot 9 and all of Lot 10 was not a gratuitous disposition but a bona fide execution of the power of sale and disposal for a valid consideration and that it operated to cut off the rights of the remaindermen. This being so, he inherited a fee simple title to that property under Lillian's will.

In addition to the recitations of "One Dollar and Other Good and Valuable Presents" in the deeds to Addie Lee the Appellees offered the testimony of Addie Lee's daughters and devisees of her will to the effect that Henry had told them their mother had put money into the property and in order to make her feel secure he would deed the property to her. And there was further testimony by the children to the effect that Henry wanted Addie Lee to have the property, or what was left of it when he was gone, and that he wanted her children to have what was left after Addie's death. There was tes-

timony by one of the daughters to the effect that Addie had told her that she had bought the property and paid for it. There was no evidence of the amount of the consideration paid for the property, but the trial court specifically found that a valid consideration passed for the two deeds. For the Appellant there was testimony by a neighbor to the effect that Henry had expressed the intent to defeat the remaindermen by the execution of the deeds and that the deeds to Addie Lee were executed for that purpose.

On these findings the trial court concluded that although the conveyances from Henry to his subsequent wife, Addie Lee, were to be scrutinized more closely than a conveyance to a stranger, they nevertheless constituted a valid execution of the power to sell and dispose of the properties under Lou B. Pasell's will, and operated to extinguish and cut off the rights of the remaindermen. And finally taking the view that the plaintiff had the burden of proving a better title in herself than that of the defendants it was the court's conclusion that the burden of showing a better title was not sustained by the evidence.

All of the testimony bearing upon the consideration for the deeds to Addie was the rankest hearsay. It was little more than family and neighborhood gossip, and it was not made admissible simply because it happened to be the best evidence. Certainly it is not competent to settle land titles.

■ To support the findings of the trial court the Appellees invoke the statutory rule to the effect that a written instrument is presumptive evidence of a consideration and the burden of showing want of consideration sufficient to support an instrument lies with the person seeking to invalidate it. Title 15 O.S.A. §§ 114 and 115. These statutes appear in the code under the title and chapter on Contracts. No cases are cited and we have found none making application to conveyances of real estate. It is the law in Oklahoma that recitals of consideration in a deed of conveyance, while presumptive evidence as between the parties, is purely hearsay as between parties

claiming under the deed or instrument of conveyance and strangers to the title. Adams Oil & Gas Co. v. Hudson, 55 Okl. 386, 155 P. 220; Van Winkle v. Van Winkle, 56 Idaho 588, 57 P.2d 692; Davis v. Kleindienst, 64 Ariz. 251, 169 P. 2d 78.

The Appellees derive their title from the life tenant's power to dispose of the entire fee for his beneficial use and the burden is upon them to show a valid exercise of that power according to its tenor. To meet that burden they have offered warranty deeds purporting to convey a fee simple title which we construe as manifesting an intent to execute the full powers; and we have held the deed to Lillian covering the West Property within the terms and conditions of those powers. While the separate deed to Addie Lee covering the East Property stands without evidential support of valid consideration, it was an execution of the power by means of which the holder was enabled to dispose of the entire fee, and that power is deemed absolute, when executed for his own benefit. A legal presumption was thus raised in favor of the validity of the deed to convey a fee simple title. Clothed with that legal presumption, the defendants met the burden of showing a valid execution of the power to convey the fee simple title to the East Property. And there being no competent proof to dissipate the legal presumption, title of the Appellees must be sustained.

The judgment is affirmed.